IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00222-BNB

LARRY BECK,

    Applicant,

v.

WARDEN HOYT BRILL, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 22 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

### I. Background

Applicant Larry Beck is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado. Mr. Beck initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Case No. 02CR463 in the Garfield District Court of Colorado. In an order filed on April 21, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On April 30, 2008, Respondents filed an Answer. Mr. Beck filed a Reply on June 19, 2008. On July 2, 2008, Magistrate Judge Boland directed Respondents to file a Supplemental Answer and address any postconviction motions

filed by Applicant after March 29, 2008, and are pending in state court. Respondents filed a Supplemental Answer on July 21, 2008, and Applicant filed a Supplemental Reply on August 4, 2008.

In the Application, Mr. Beck asserts that he pled guilty on May 2, 2003, to one count of second degree assault and was sentenced to nine years of incarceration and three years of mandatory parole. (Application at 1-2.) He further asserts he did not file a direct appeal, but that he did file a Colo. R. Crim. P. 35(a) postconviction motion on May 3, 2004, which was denied by the state district court on January 4, 2005. (Application at 4.) Mr. Beck also states that the district court's denial was affirmed by the Colorado Court of Appeals on November 24, 2006, but that the date and result of any appeal to the Colorado Supreme Court are not available. (Application at 4.)

In the Answer, Respondents agree with Mr. Beck regarding the offense to which he pled and the date his sentence was entered. (Answer at 1-2.) Respondents, however, assert that Mr. Beck filed a motion for sentence reduction on August 28, 2003, that was denied on March 1, 2004. (Answer at 2.) They further state that Mr. Beck also filed a postconviction motion on May 5, 2004, that was denied by the state district court on January 4, 2005, and that Mr. Beck appealed and the Colorado Court of Appeals affirmed the denial on November 24, 2006. (Answer at 2.) Respondents also state that Mr. Beck petitioned for a certiorari review with the Colorado Supreme Court in his postconviction motion, which was denied on March 26, 2007, with a mandate issuing on March 29, 2007. (Answer at 3.)

In the Supplemental Answer, Respondents assert that the only motion Mr. Beck filed after March 29, 2007, was a motion for reconsideration of a decision on his motion

2

for free transcripts. (Supp. Answer at 3.) Respondents further assert that the record mistakenly refers to a filing of a Rule 35(b) motion on August 13, 2007, and that no such motion was ever filed. (Supp. Answer at 4.)

In his Supplemental Reply, Mr. Beck attaches a copy of a Rule 35(b) motion that is dated May 28, 2007. (Supp. Reply at Attachs.) He claims he submitted the motion to the Garfield County Court. (Supp. Reply at 2.) Mr. Beck also attaches a copy of the motion for status that he filed on December 5, 2007, and in which he requests an update on the status of the motion for reconsideration that he filed to seek review of his case. (Supp. Reply at 2.) Mr. Beck contends that the state court misplaced the May 28, 2007, motion for reconsideration. (Supp. Reply at 2.)

II. Analysis

The Court must construe liberally Mr. Beck's Application, his Reply, and his Supplemental Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court will dismiss the action for the reasons stated below.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Beck's Application is time-barred. They contend, based on Colo. App. R. 4(b), that his conviction became final forty-five days following his sentencing, on June 16, 2003, because he did not file a direct appeal of his conviction. (Answer at 3.) Respondents also assert that Mr. Beck filed his first postconviction motion on August 28, 2003, seventy-four days after his conviction was final and his second postconviction motion twenty-one days after his first postconviction was final. (Answer at 3.) Respondents further assert that an additional 313 days elapsed between the conclusion of the postconviction proceedings and the filing of the instant action. (Answer at 4.) They also contend, in the Supplemental Answer, that even though an entry appears on the state court record indicating that Mr. Beck filed a

Rule 35(b) postconviction motion on August 13, 2007, no such motion exists, and even if the motion did exist Mr. Beck was only requesting that the state court reconsider his request for free transcripts. (Supp. Answer at 3.) Respondents further contend that if Mr. Beck had filed a Rule 35(b) motion on August 13, 2007, the motion would have been untimely and would not have tolled the statute of limitations under 28 U.S.C. § 2244(d). (Supp. Answer at 4.) Respondents conclude that the instant action should be dismissed as time-barred.

In his Reply, Mr. Beck, for the most part, simply argues the merits of his claims. He does comment on the last page of the Reply that there is a recent U.S. Supreme Court case that calls into question the validity of the one-year time bar for filing a federal habeas corpus application, but he fails to provide a citation to the Supreme Court case or state the basis for the decision. (Reply at 4.) In his Supplemental Reply, he attaches a copy of a document that on its face appears to be a Rule 35(b) motion for reconsideration of his sentence. Mr. Beck signed and dated the motion on May 28, 2007. The second page of the motion, however, does not appear to be a continuation from the first page. It appears to be part of the motion that Applicant filed regarding his request for free transcripts, and which Respondents provided as Exhibit B to their Supplemental Answer.

Based on the record before the Court, provided by both Respondents and Applicant, it remains unclear whether Mr. Beck has a Rule 35(b) motion that has been pending before the state court since August 13, 2007. If Mr. Beck does have a Rule 35(b) motion pending he is not time-barred. His conviction was final on June 16, 2003, forty-five days after his sentence was entered on May 2, 2003. He filed a Rule 35(b)

postconviction motion on August 28, 2003, that was denied on March 1, 2004, and from which he did not appeal. Mr. Beck's August 28, 2003, motion remained pending during the forty-five days that he could have sought an appeal under state law, or until April 15, 2004. See *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000); see also Colo. App. R. 4(b) and 26(a). He filed a second postconviction motion on May 5, 2004, in which the petition for certiorari review was denied on March 25, 2007. Therefore, the Court concludes that the only time during which a collateral proceeding was not pending in state court is from June 17, 2003, until August 27, 2003, from April 16, 2004, until May 4, 2004, and from March 26, 2007, until August 12, 2007, a total of 231 days. The Court will refrain from dismissing the action as time barred pursuant to 28 U.S.C. § 2244(d).

## B. State-Court Exhaustion

The Court, therefore, will address the issue of exhaustion. Mr. Beck raises two claims in the instant Application. In Claim One, he asserts that his plea bargain was in part illegal because his attorney and the district attorney agreed to an aggravated sentence, which was beyond the terms of the plea agreement. In Claim Two, Mr. Beck asserts that trial counsel failed to effectively defend him. Respondents contend that Mr. Beck has failed to raise either claim in any manner in state court proceedings. (Answer at 5.) Mr. Beck concedes that he has not exhausted either of these claims. (Application at 5.) Respondents further contend that the claims now are untimely in a state court under Colo. Rev. Stat. § 16-5-402 and barred under Colo. R. Crim. P. 35(c)(VII). (Answer at 5.) Respondents conclude, citing to *Gray v. Netherland*, 518 U.S. 152 (1996), *Coleman v. Thompson*, 501 U.S. 722 (1991), *Teague v. Lane*, 489

6

U.S. 288, 298-99 (1989); *Harris v. Champion*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995), and *Steele v. Young*, 11 F.3d 1518, 1523-24 (10th Cir. 1993), that Applicant's claims are procedurally defaulted in state court, and federal habeas review of the claims is barred by the anticipatory default doctrine without a showing of cause and prejudice. Mr. Beck fails to address the exhaustion and procedural default issues.

If it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from habeas review. *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)). Claims are precluded from habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown. *Steele*, 11 F.3d at 1521 (citations omitted).

The time limitation established by § 16-5-402 is a firmly established and regularly followed procedural rule. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Section 16-5-402 provides that a defendant who has been convicted of a felony must commence a collateral attack of the conviction within three years of the date of the conviction. Mr. Beck pled guilty to one count of second degree assault. He, therefore, is required under § 16-5-402 to file any collateral attack within three years of the date of his conviction. Mr. Beck was sentenced on May 2, 2003. In accordance with § 16-5-402, he is precluded from filing a collateral attack.

The preclusion, however, may be subject to exceptions. *See* § 16-5-402(2); *see also* Colo. R. Crim. P. 35(c)(2)(I). Although Mr. Beck has failed to argue an exception

7

in his Reply to Respondents' Pre-Answer, it is not clear what he has argued in the motion for reconsideration that he alleges he submitted to the state district court on May 28, 2007, and which still appears to be pending in state court. The Court, therefore, finds that it is not obvious that Mr. Beck's unexhausted claims would be procedurally barred in state court.

III. Conclusion

Based on the above findings, the Court determines that if Mr. Beck has a pending postconviction motion in state court the Application is not time-barred under 28 U.S.C. § 2244(d). The Court further finds that Mr. Beck has failed to exhaust his state court remedies in both of the claims that he raises in the instant action. The Court, therefore, will dismiss the action for failure to exhaust. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice because Applicant has failed to exhaust his state court remedies.

DATED at Denver, Colorado, this 20 day of Aug, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00222-BNB

Larry Beck
Prisoner No. 80036
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

Katherine A. Hansen
Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/22/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk